**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominique Harris,<br><br>        Plaintiff,<br><br>v.<br><br>Westlake Portfolio Management LLC,<br><br>        Defendant. | No. CV-24-02059-PHX-DWL<br><br>**ORDER** |

    Pending before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendant Westlake Portfolio Management LLC ("Defendant"). (Doc. 6.) The time to respond has expired and Plaintiff Dominique Harris ("Plaintiff"), who is proceeding *pro se*, did not file a response. For the reasons that follow, the motion is granted.

## RELEVANT BACKGROUND

    On July 15, 2024, Plaintiff sued Defendant in the Maricopa County Justice Court. (Doc. 1 at 10.) The complaint alleges that Defendant "violated 15 USCS 1692(e) . . . [b]y sending the Plaintiff a Spesial Demand letter in an attempe to collect $1,517.54 from the plaintiff for an alleged debt that was not lawfully assigned to defendant for collection by the original creditor through an valid assignment. Plaintiff suffer actual injury from defendant illegeal acts of falsely representing it's lawful status all credit bureaus as a duly appointed third party debt collector with said authority to report alleged debt on the plaintiff's credit report as a delinquent account: Relief requested under 15 USCS 1692K." (*Id.*) Enclosed as an attachment to the complaint is a June 9, 2024 letter from Defendant

1  to Plaintiff in which Defendant stated: "Our records show that you currently have a balance
2  of $3,035.07 on the above-referenced account . . . .  For your convenience, on behalf of
3  Medallion Bank/Covered Care, Westlake Portfolio Management . . . is offering to settle
4  this balance with a one-time payment of $1,517.54." (*Id.* at 11.)

5  On August 13, 2024, Defendant timely removed this action to federal court based
6  on federal-question jurisdiction. (Doc. 1.)

7  That same day, the Court issued its standard notice to *pro se* litigants. (Doc. 4.)
8  Among other things, this notice explained that "[i]f you DO NOT respond to a motion
9  within the requirements of the local Rules, the Court may assume consent to the denial or
10 granting of the motion and may dispose of the motion summarily under Local Rule of Civil
11 Procedure 7.2(i)." (Doc. 4 at 5.)

12 On August 16, 2024, the Court issued the preliminary order. (Doc. 5.) Among other
13 things, it reiterated that "failure to prosecute, to comply with court orders, or to comply
14 with the Local and Federal Rules may result in dismissal of all or part of this case, default,
15 imposition of sanctions, or summary disposition of matters pending before the Court." (*Id.*
16 at 6.)

17 On August 20, 2024, Defendant filed the pending Rule 12(b)(6) motion to dismiss.
18 (Doc. 6.) Under LRCiv 7.2(c), Plaintiff's response was due within 14 days of service, *i.e.*,
19 by September 3, 2024. That deadline has now expired and Plaintiff has not filed a response.

20 **DISCUSSION**

21 Defendant's motion is granted for two independent reasons. The first arises from
22 Plaintiff's failure to respond. Under LRCiv 7.2(i), "if [an] unrepresented party . . . does
23 not serve and file the required answering memoranda, . . . such non-compliance may be
24 deemed a consent to the . . . granting of the motion and the Court may dispose of the motion
25 summarily." Here, Plaintiff was repeatedly advised of LRCiv 7.2(i) and the consequences
26 of not responding to motions (Docs. 4, 5) yet still failed to respond to Defendant's motion.

27 Second, putting aside the issue of LRCiv 7.2(i), Defendant is entitled to relief on the
28 merits. As Defendant correctly notes, the provision of the Fair Debt Collection Practices

Act ("FDCPA") on which Plaintiff relies "only applies to debt collectors as defined by the statute, which expressly excludes those collecting a debt 'which was not in default at the time it was obtained by such person.'" (Doc. 6 at 2, quoting 15 U.S.C. § 1692a(6)(F)(iii).) However, the complaint is devoid of any allegation that Plaintiff was in default on the underlying debt at the time Defendant acquired it. To the contrary, Plaintiff seems to accuse Defendant of *falsely* characterizing itself "as a duly appointed third party debt collector with said authority to report alleged debt on the plaintiff's credit report as a delinquent account." (Doc. 1 at 10.) At any rate, Defendant has proffered evidence, which it correctly contends may be considered at this stage of the case pursuant to the incorporation-by-reference doctrine, that establishes that it "began servicing the loan long before any default occurred." (Doc. 6 at 5, citing Doc. 6-1 at 2, 14-15 [documents showing that Defendant began servicing Plaintiff's account no later than August 17, 2023 and that Plaintiff's first payment was due on September 15, 2023].) Dismissal is warranted under these circumstances. *See, e.g., Valletta v. Navient Corp.*, 2017 WL 1437563, *2-3 (D. Ariz. 2017) (concluding that "Valletta does not have a valid claim against Navient under the FDCPA" because the undisputed evidence showed that Navient was "the servicer of the disputed loan prior to default"); *Edmond v. Am. Educ. Servs.*, 2010 WL 4269129, *5 (D.D.C. 2010) ("The Court will dismiss Count V of the Amended Complaint because AES, as a loan servicer, is not a covered debt collector under the FDCPA absent an allegation that plaintiff's account was in default when AES acquired it."). Additionally, the dismissal is without leave to amend because any amendment would be futile.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 6) is **granted**. The complaint is dismissed without leave to amend. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of September, 2024.

Dominic W. Lanza
United States District Judge